[No. 2623.   Decided. August 28, 1897.]

D. T. DENNY, as *Guardian, Respondent,* v. GEORGE M. HOLLOWAY, as *Clerk of the Superior Court of King County, Appellant.*

PROBATE JURISDICTION — EXAMINATION BY COURT CLERK OF GUARDIAN'S ACCOUNT — FEES.

The clerk of the superior court has no authority to examine the accounts offered for filing by the guardian of an insane person and collect a fee therefor, under Laws 1893, p. 421, § 1, subd. 27, providing that such clerks may charge as a fee " for examining accounts, counting each two figures as one word, per folio 15c.," since such duty is by Code Proc., § 845, imposed on the judge of the superior court.

Appeal from Superior Court, King County.—Hon. WILLIAM H. MOORE, Judge.   Affirmed.

*James F. McElroy,* and *John B. Hart,* for appellant. *W. W. Wilshire,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—The respondent Denny as guardian of the estate of Nagle, an insane man, presented to the appellant Holloway, who is clerk of the superior court of King county, his final report and account as such guardian for filing, preparatory to requesting an order of court fixing the time and prescribing notice for the hearing and settlement of the account, and therewith tendered to appellant as such clerk all the fees prescribed by law for filing the account and report and all the papers connected therewith, but refused to pay upon demand of the clerk fifteen cents per folio as fee for an examination to be made by the clerk of the report and account.   Appellant refused to file the account and report and papers connected therewith on the ground that it was his duty as clerk to

make such examination and to collect the fee therefor as public revenue accruing to the county. There was no order of the superior court requiring the clerk to make an examination of the account and report. Respondent then filed his affidavit and moved for a writ of mandamus to. compel the clerk of the court to forthwith file the account and report or show cause why he did not file the same. The appellant appeared by the prosecuting attorney and demurred to the affidavit and order to show cause on the ground that they were insufficient to justify a peremptory writ. On hearing, the court overruled the demurrer and entered a peremptory order directing the appellant as clerk to file a final account and report, from which peremptory order this appeal is taken by the clerk.

The question involved is whether appellant as clerk is authorized of his own motion, against the objection of respondent, to require respondent to submit a report and account to the clerk's examination, and to pay fifteen cents per folio as a fee therefor in addition to the other fees prescribed by law for the filing of the papers. Appellant rests his contention entirely upon the statute (Section 1, Fee Bill, Statutes 1893, p. 421, under division " Clerks of the superior court," subd. 27), which provides as a fee " for examining accounts, .counting each two figures as one word, per folio 15c.," and argues that under section 1299 of the Code of 1881 it was the duty of the probate judge in the settlement and allowance of accounts of executors, administrators and guardians, to allow or reject claims against the estate of the deceased or insane person. Under section 2086, Code 1881, division " Judge of Probate Court," the judge of said court was allowed for examining accounts, each one hundred words, counting two (2) figures for a word, 25c., which said judge collected as a fee for his own use. But the jurisdiction of all proceed-

ings in probate and all the business of the probate court was by the constitution vested in the superior court. The law of 1891 (vol. 2, Hill's Code, § 845) imposed the duties of settling the estates of deceased persons and the accounts of executors, administrators and guardians and the allowance or rejection of claims against their estates on the judge of the superior court. All the records of the probate court are by Laws 1891, § 2, p. 380, kept by the clerk of the superior court, and the fees allowed under the probate act are collected by him. The clerk of the superior court is a mere ministerial officer and is not authorized to make any examination of such an account and report as was filed by respondent. The examination and settlement of the account is vested in the judge of the superior court.

We do not think the clerk is authorized to collect any fee for examination of the report and account, and the judgment of the superior court is affirmed.

SCOTT, C. J., and DUNBAR and ANDERS, JJ., concur.